PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (602) 956-1161
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **ANDREA BELLA**, an unmarried woman,<br><br>                    Plaintiff,<br>vs.<br><br>**ARIZONA EAGLE AIR,** an Arizona Limited Liability Corporation duly licensed to do business in the State of Arizona; **MARK J. VEGA AND JANE DOE VEGA;  JOHN DOES 1-5**; **JANE DOES 1-5**; and **ABC CORPORATIONS 1-5**,<br><br>                    Defendants. | Case No.:<br><br>COMPLAINT<br><br>UNPAID WAGES; UNPAID OVERTIME |

Plaintiff, by and through her undersigned counsel, submits the following claims:

## 1.

## JURISDICTION AND VENUE

1.      Plaintiff is a resident of Maricopa County, Arizona.

2.      Defendant ARIZONA EAGLE AIR "herein after "AEA" is an Arizona Limited Liability Corporation duly licensed to do business within the State

of Arizona with its principle place of business located within Maricopa County, Arizona.

3.      Defendant MARK J. VEGA herein after "Vega" is the owner and sole shareholder of AEA.

4.      Defendants JOHN DOES 1-5, JANE DOES 1-5 and ABC CORPORATIONS 1-5 are persons or entities that may be liable to Plaintiff whose true identities are presently not known to Plaintiff.  Plaintiff reserves the right to amend her complaint to set forth the true names of these persons or entities when they become known to her.

5.      All relevant activities took place within Maricopa County, Arizona.

6.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq. and 13 U.S.C. 1367.

## II.

## FACTUAL BACKGROUND

7.       The Plaintiff initially began her employment with the Defendant(s) in July of 2010 as an Accounts Receivable Clerk and her rate of pay was $9.00 per hour.

8.      By the end of 2010 and during all relevant timeframes that are the subject of this complaint, the Plaintiff became the Office Manager of AEA.

9.      During the latter half of 2010, the Plaintiff became romantically involved with Defendant VEGA.

10.     In October 2010, the Plaintiff and Defendant VEGA began cohabitating and the Plaintiff became pregnant with the parties' child.

11.     In approximately November 2010 the plaintiff was promoted to the position of Office Manager and her rate of pay was supposed to be $18.00 per hour.

12.     The Plaintiff typically worked between 35 and 40 hours per week as AEA's office manager.

13.     However, during the summer months and other busy periods, the Plaintiff often worked sixty hours or more in a given week.

14.     Citing the unique circumstances of the relationship, Defendant VEGA never actually paid the Plaintiff for the hours that she worked as AEA's office manager.

15.     At all relevant times, the Plaintiff remained "non-exempt" under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.,* requiring that she be paid one-and one-half times her hourly rate for all hours in excess of forty (40) per week.

16.     During all relevant time frames, the Plaintiff never received her compensation for the first forty hours she worked per week.

17.     During all relevant time frames, the Plaintiff was never paid overtime for hours worked in excess of forty per week.

18.     The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

19.     Upon information and belief, the Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

20.     As such, the Defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

21.     The Plaintiff, by and through her employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

22.     As such, the Plaintiff is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty per week.

### III.

### Count One

### (Unpaid Wages Pursuant to 29 U.S.C. 201 et seq.)

23.     All of the preceding paragraphs are incorporated herein by reference.

24.     Plaintiff was employed by the Defendant(s) as an Office Manager.

25.    Pursuant to statements made by Defendant Vega and consistent with industry norms, the Plaintiff's hourly rate of pay was $18.00.

26.    The Plaintiff was never able to exercise discretion or deviate from clearly defined company custom and protocol when performing her job duties.

27.    During all relevant times, the Plaintiff worked thirty five hours or more per week and was supposed to be paid on a weekly basis.

28.    Due to and citing the nature of the parties' relationship, the Defendant failed to pay the Plaintiff for virtually any of her hours worked during the preceding three years.

30.  Since the Defendant(s) failed to pay the Plaintiff for virtually all of her hours worked, their actions constitute violations of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

**IV.**

**Count Two**

**(Unpaid Overtime Pursuant to 29 U.S.C. 201 et seq.)**

31.  All of the preceding paragraphs are incorporated herein by reference.

32.  During unusually busy periods which included the summer months and other high volume periods, the Plaintiff was often required to work in excess of sixty hours per week.

33.  The Defendant(s) were aware of the increased hours worked by the Plaintiff.

34.   Nonetheless, the Defendant(s) failed to pay the Plaintiff her overtime rate of pay for all hours worked in excess of forty hours per week.

35.  Because the plaintiff lacked discretion and decision making abilities when performing her job duties, she did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

**V.**

**Count Three**

**(Willfulness)**

36.   All of the preceding paragraphs are incorporated herein by reference.

37.   The Defendant(s) were aware of all hours worked and duties performed by the Plaintiff.

38.   The defendant knew that the plaintiff typically worked well in excess of forty hours per week for significant periods in each calendar year.

39.   The defendant knew that virtually every task performed by the plaintiff was strictly regulated by its own policies and procedures as well as the

extensive regulatory scheme imposed by the Arizona Department of the Developmental Disability.

40.   Because the plaintiff lacked discretion and decision making abilities when performing her job duties, she did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

41.   The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing her for the preceding three years.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.   For all unpaid wages due and owing the plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2.   For all unpaid overtime wages due and owing to the Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

3.    For a finding that the defendants' actions were "willful" as defined by 29 U.S.C. 201 *et seq* of the Fair Labor Standards Act and subject to a three year look back period.

4.    For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

5.    For such other relief as the Court may deem just and proper.

RESPECTFULLY submitted this <u>5th</u> day of March, 2014.

PIEKARSKI & BRELSFORD, P.C.

By: <u>/s/ Christopher J. Piekarski</u>
        Christopher J. Piekarski
        2633 E Indian School Road
        Suite 460
        Phoenix, AZ 85016
        Attorney for Plaintiff